UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE B. COLLINS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD S. ALAMEIDA, JR., et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. CV-F-03-6258 REC SMS P<br><br>NOTICE TO PARTIES THAT THIS ACTION IS PROCEEDING ONLY ON PLAINTIFF'S RLUIPA CLAIM, AND DIRECTING PLAINTIFF NOT TO ADDRESS THE ARGUMENT IN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RELATING TO THE FIRST AMENDMENT FREE EXERCISE CLAIM<br><br>(Doc. 38.) |

　　　Plaintiff Steven B. Collins ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)).  On May 19, 2005, defendants Alameida and Rawers ("defendants") filed a motion for summary judgment. (Doc. 49.)  In the motion, defendants argue they are entitled to summary judgment on plaintiff's RLUIPA and First Amendment free exercise claims.

　　　The parties are reminded that pursuant to the Court's order of September 22, 2004, the only claim left in this action is plaintiff's RLUIPA claim for injunctive relief.  (Doc. 38.)  Therefore, the

///
///
///
///

1

1  Court will not consider defendants' argument with respect to the First Amendment free exercise
2  claim and in opposing the motion, plaintiff should not address this argument.[1]

4  IT IS SO ORDERED.
5  **Dated:   May 20, 2005**                              /s/ Sandra M. Snyder
   icido3                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Additionally, the Court notes that defendants argue they are entitled to summary adjudication on the First Amendment claim because the grooming policy withstands scrutiny under the "reasonableness" test set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987). If plaintiff's claim had not been previously dismissed, the Turner analysis would still be misplaced given that the Ninth Circuit found CDC's grooming policy is constitutional. Henderson v. Terhune, 379 F.3d 709, 715-16 (9th Cir. 2004).

2