# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE B. COLLINS, | CASE NO. CV-F-03-6258 REC SMS P |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL |
| v. | (Doc. 45) |
| EDWARD S. ALAMEIDA, JR., et al., | |
| Defendants. / | |

Plaintiff Steven B. Collins ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)). On April 13, 2005, plaintiff filed a motion to compel. Defendants Rawers and Alameida ("defendants") filed an opposition on April 28, 2005. Plaintiff seeks to compel further responses to interrogatory numbers 11, 13, 14, 20, 21, 22, 23, 24, and 25 directed to defendant Rawers, and to all interrogatories directed to defendant Alameida.

Plaintiff objects to defendant Rawers' responses to numbers 11, 13, 14, 20, and 21 on the ground that defendant's citation to regulation numbers is evasive. The court has reviewed the interrogatories in question and finds plaintiff's objection to be without merit. Absent a showing by plaintiff that he cannot access the regulations, responses referring plaintiff to the applicable regulation numbers are not improper. A reading of the interrogatories and the responses thereto does not support a finding that the responses are incomplete and/or evasive.

Plaintiff's objects to defendant Rawers' responses to numbers 22 through 25 on the ground that his responses are incomplete and/or evasive. Plaintiff takes issue with defendant Rawers'

objection to the relevancy of the interrogatories, which relate to gang issues. The court has reviewed the interrogatories and is in agreement with defendants that they are not relevant. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). This action is proceeding on plaintiff's claim that defendants substantial burdened plaintiff's religious exercise by punishing him for failing to comply with the grooming regulations, brought pursuant to RLUIPA. Plaintiff's claim does not involve any gang-related issues.

Finally, plaintiff objects to defendant Alameida's responses on the ground that he gave the same answers that Rawers did. This is not a legal objection and is without merit. Defendants are represented by counsel, who drafted their responses. Plaintiff is entitled to responses to his properly served discovery requests. Plaintiff is not entitled to and may not demand unique, individually worded responses from each defendant. Lack of spontaneity is one of the disadvantages to interrogatories. See JUDGE WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:1662 (2005) (With interrogatories, "[t]here is little likelihood of unguarded responses . . . .").

Based on the foregoing, plaintiff's motion to compel, filed April 13, 2005, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   May 20, 2005**              /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE

2