# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN B. COLLINS,<br><br>        Plaintiff,<br><br>    v.<br><br>EDWARD S. ALAMEIDA, JR., et al.,<br><br>        Defendants. | CASE NO. 1:03-CV-6258-REC-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED, AND DEFENDANTS BE GRANTED LEAVE TO RENEW THEIR MOTION FOR RELIEF<br><br>(Doc. 49) |

I.    <u>Defendants' Motion for Summary Judgment</u>

    A.    <u>Procedural History</u>

Plaintiff Steven B. Collins ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")). This action is proceeding on plaintiff's complaint filed August 25, 2003, against defendants Alameida, Jr. and Rawers ("defendants"). Plaintiff is seeking a declaratory judgment, an injunction prohibiting defendants from enforcing the grooming standards by punishing or threatening to punish plaintiff, and the expungement from plaintiff's central file of all the disciplinary reports relating to non-compliance with the grooming

///

///

standards.[1] On May 19, 2005, defendants filed a motion for summary judgment. (Doc. 49.) Plaintiff filed an opposition on June 21, 2005, and defendants filed a reply on June 28, 2005.[2] (Docs. 52-55.)

  B. <u>Summary Judgment Standard</u>

  Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id</u>. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Id</u>. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id</u>. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id</u>. at 323.

  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery

---

[1] On September 22, 2004, plaintiff's First Amendment free exercise claim was dismissed and plaintiff's RLUIPA claim for damages was dismissed. (Doc. 38.)

[2] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the court in an order filed on February 6, 2004. <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988). (Doc. 23.)

1  material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586
2  n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that
3  might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477
4  U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630
5  (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
6  return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436
7  (9th Cir. 1987).

8  In the endeavor to establish the existence of a factual dispute, the opposing party need not
9  establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
10 dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
11 trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce
12 the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
13 Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963
14 amendments).

15 In resolving the summary judgment motion, the court examines the pleadings, depositions,
16 answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c).
17 The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable
18 inferences that may be drawn from the facts placed before the court must be drawn in favor of the
19 opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655
20 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing
21 party's obligation to produce a factual predicate from which the inference may be drawn. Richards
22 v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th
23 Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than
24 simply show that there is some metaphysical doubt as to the material facts. Where the record taken
25 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine
26 issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).
27 ///
28 ///

C.     Statement of Undisputed Facts

1. Plaintiff claims that wearing long hair in "locks" is part of his religious beliefs, and that he has received disciplinary violations for refusing to cut his hair and has been denied parole for having a disciplinary record.

2. The grooming regulations adopted by the California Department of Corrections as emergency regulations on October 17, 1997, amended section 3062 of Title 15, California Code of Regulations, established grooming standards for inmates.

3. As amended, section 3062(e) provides that a male inmate's hair shall be no longer than three inches.

4. The Statement of Reasons given for adoption of the amended grooming standards included: (1) to assist in the identification of inmates who are outside their approved area, create disturbances, or escape; (2) to facilitate searches of inmates for concealed weapons, including dangerous materials, and to reduce the difficulty and time needed to conduct searches; (3) to aid in the promotion of hygienic and healthy living conditions inside the prisons; (4) to promote the effective use of safety devices; (5) to reduce animosity among inmates displaying individual loyalties or preferences by requiring a more uniform appearance; and (6) the grooming standards may help to promote a positive self-image by inmates and may facilitate employment opportunities upon release from custody.

5. Plaintiff is housed at Avenal State Prison (ASP).

6. Plaintiff states he is a member of the Nazarite religion, which is understood to include a vow for a specific period to abstain from partaking of grapes or any of its products whether intoxicating or not, cutting hair, and touching a corpse.

7. ASP enforces the California Department of Corrections hair grooming standards found in California Code of Regulations, Title 15, § 3062.

8. Plaintiff sustained a number of disciplinary violations related to his refusal to comply with the Department grooming standards - Log Nos. FS-03-04-025, dated April 29, 2003; FS-04-05-018, dated May 13, 2004; FS-04-07-043, dated July 28, 2004; and FS-04-10-014, dated October 6, 2004.

9. Plaintiff additionally received a serious of counseling chronos for not complying with the Department's grooming standards - CDC 128As, dated March 7, 2003, and March 11, 2003.

10. Plaintiff's religious activities include praying, attending church services at the chapel, receiving a meat free diet, and studying the Bible.

11. Plaintiff participates in all available religious activities, including those listed in Fact 10.

D. Discussion[3]

1. Summary of Plaintiff's Allegations

In his complaint, plaintiff alleges that a central tenet of his religion mandates growth of locks and prohibits cutting of the hair. Plaintiff alleges that the inmate grooming standards implemented by the California Department of Corrections, which require inmates keep their hair length three inches or less, burdens the exercise of his religion. Plaintiff alleges that he was subject to progressive discipline, culminating in the issuance of a CDC-115 Rules Violation Report on April 29, 2003. On May 5, 2003, plaintiff was found guilty of the rules violation and assessed twenty hours extra duty as punishment. On July 22, 2003, plaintiff appeared before the Board of Prison Terms and was denied parole. Plaintiff alleges that the rules violation report was a factor used in denying plaintiff parole. Plaintiff alleges that the inmate grooming standard policy violates his rights under RLUIPA, and that defendant Alameida is responsible for the policies of the California Department of Corrections, and defendant Rawers has the authority to exempt plaintiff from the policy.

2. Constitutionality of RLUIPA

In their motion, defendants concede that the Ninth Circuit found RLUIPA was constitutional in Mayweathers v. Newland, 314 F.3d 1062 (9th Cir. 2002), but, due to a split in the Circuits and the pendency of the issue before the United States Supreme Court, nonetheless advance the argument that RLUIPA is unconstitutional. Shortly after defendants filed their motion, the Supreme Court

///

---

[3] The only claim left in this action is plaintiff's RLUIPA claim for declaratory and injunctive relief. (Docs. 34, 38.) The arguments set forth in defendants' motion for summary judgment that go to plaintiff's previously dismissed First Amendment claim and RLUIPA claim for damages are disregarded. Specifically, sections III, IV, and V of defendants' motion are not considered.

5

issued its decision in Wilkinson v. Cutter, and held that RLUIPA is constitutional. Wilkinson, 125 S.Ct. 2113 (2005). Accordingly, defendants' argument that RLUIPA is unconstitutional is rejected.

### 3. Grooming Policy and RLUIPA

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of setting forth evidence demonstrating that the grooming standards policy "and its punitive sanctions designed to coerce him to comply with that policy constitute a substantial burden on the exercise of his religious beliefs." Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must set forth evidence demonstrating that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

#### a. Substantial Burden

The grooming standard at issue provides that "[a] male inmate's hair shall not be longer than three inches and shall not extend over the eyebrows or below the top of the shirt collar while standing upright." Cal. Code Regs., tit. 15 § 3062(e) (2006). Plaintiff contends, and defendants do not dispute, that plaintiff is a Nazarite whose religion requires him to wear his hair long. (Undisputed Fact 1; Newhouse Dec., ¶1.) Defendants contend that plaintiff admitted his hair can be cut by his wife or another Nazarite, but refused to agree to an arrangement that would allow his wife or another Nazarite to cut his hair. (Newhouse Dec., ¶2.) However, plaintiff disputes this and contends that his religion forbids the cutting of his hair. (Collins Dec., ¶6.) Further, plaintiff asserts that he is no longer married, having divorced in June of 2001. (Id., ¶5.)

In addition, defendants contend that plaintiff was not compelled to cut his hair, although he was disciplined with the loss of credits. (Def. Ex. B, Attach. 2.) This argument was rejected by the

6

Ninth Circuit in <u>Warsoldier</u>, an opinion which was issued several months after defendants filed the instant motion. <u>Warsoldier</u>, 418 F.3d at 996. "[P]unishments to coerce a religious adherent to forgo her or his religious beliefs is an infringement on religious exercise." <u>Id</u>. It is undisputed that failing to comply with the grooming policy exposes inmates to progressive discipline and that plaintiff was the recipient of progressive discipline for failing to comply with the policy. (Undisputed Facts 1, 8, 9; Cal. Code Regs., tit. 15 § 3062(m).) The Ninth Circuit held that by imposing progressive discipline on inmates to pressure them into cutting their hair in violation of their religious beliefs, the grooming policy substantially burdens their religious practice. <u>Id</u>. Accordingly, plaintiff's burden has been met.

          b.      <u>Compelling Governmental Interest</u>

Defendants contend that the grooming regulation furthers the compelling governmental interest of identifying inmates who are outside their approved area; preventing disturbances or escape; facilitating searches of inmates for concealed contraband, including dangerous materials, by reducing the difficulty and time needed to conduct searches; aiding in the promotion of hygienic and healthy living conditions inside the prisons; promoting the effective use of safety devices; reducing animosity among inmates displaying individual loyalties or preferences by requiring a more uniform appearance; and helping to promote a positive self-image. (Undisputed Fact 4; Kukrall Dec., ¶¶420.) Plaintiff does not dispute that institutional safety and security is a compelling governmental interest, and, for the reasons elaborated upon in the declaration of Ken Kukrall, Correctional Captain and Acting Chief of the Emergency Operations Unit, the court finds that it unquestionably is. <u>Warsoldier</u>, 418 F.3d at 998. Thus, the question becomes whether or not the grooming policy is the least restrictive means to further this interest.

          c.      <u>Least Restrictive Alternative</u>

Defendants argue that they have employed the least restrictive means to further their interest in institutional safety and security. Defendants contend that "[g]rooming standards are necessary to maintain safety and security of institutions, and must be consistent to be enforceable." (Motion, 7:24-26.) Further, defendants contend that "[t]he legislative history of RLUIPA indicates" an expectation

///

that courts "extend substantial deference to prison officials in determining legitimate security concerns." (Id., 8:7-8 & 12-14.)

Defendants have submitted no evidence that the grooming standards are the least restrictive means of furthering their interest of maintaining institutional safety and security. Defendants proffer only a conclusory assertion that the standards are the least restrictive means. Under Warsoldier, defendants cannot meet their burden unless they demonstrate that prior to adopting the grooming standard in question, the efficacy of less restrictive measures were actually considered and rejected. Warsolider, 418 F.3d at 999. No such showing has even been attempted here. Accordingly, the court finds that defendants failed to meet their burden of demonstrating that the grooming standards are the least restrictive means of furthering their compelling interest.

The Ninth Circuit issued its decision in Warsoldier several months after defendants filed their motion for summary judgment. In light of the issuance of Warsoldier, which clarifies for defendants the burden they must meet with respect to this third and final factor, the court recommends that the scheduling order be modified to allow defendants to file another motion for summary judgment.

### 4. RLUIPA Claim and Favorable Termination Rule

Finally, defendants argue that because plaintiff lost time credits as a result of his failure to comply with the grooming standards, this action is barred by the favorable termination rule, which is that "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Wilkinson v. Dotson, 125 S.Ct. 1242, 1248 (2005). Defendants first advanced this argument in their motion to dismiss filed on April 13, 2004. In a Findings and Recommendations filed on July 26, 2004, which was subsequently adopted in full by the Honorable Robert E. Coyle, the undersigned stated

> With respect to plaintiff's RLUIPA claim, defendants did not separately address the applicability of the favorable termination rule to such claims. On June 25, 2004, in Mayweathers v. Terhune, CV-S-96-1582 LKK/GGH P, Senior United States District Judge Lawrence K. Karlton ruled that the favorable termination rule does not apply to RLUIPA claims. (Attachment A, § VII, p. 28-34.) In light of Judge Karlton's ruling and defendants' failure to set forth any argument directed specifically at the applicability of the favorable termination rule to RLUIPA claims, the court finds that

dismissal of the RLUIPA claim at the pleading stage to be inappropriate.
(Doc. 34, 7:3-9)

Despite the court's clear indication that the applicability of the favorable termination rule to plaintiff's RLUIPA claim merited more than a passing assertion that the rule works to bar plaintiff's claim, defendants advanced the same conclusory argument in their motion for summary judgment. If the favorable termination rule applies to actions brought pursuant to RLUIPA, plaintiff's claims for declaratory relief and expungement of the disciplinary actions from his central file would be barred, but plaintiff's claim for an injunction prohibiting the future application of the grooming standards to plaintiff would not be barred. <u>Wilkinson</u>, 125 S.Ct. at 1248. The applicability of the favorable termination rule to RLUIPA claims has not been decided by either the Supreme Court or the Ninth Circuit. The argument presently before the court has not been adequately briefed by defendants, a noticeable shortcoming in light of the court's previous notice set forth in the Findings and Recommendations of July 26, 2004. Because the argument is not sufficiently briefed, the court shall recommend that it be denied, without prejudice to renewal in a subsequent motion for summary judgment.

    E.    <u>Conclusion</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment, filed May 19, 2005, be DENIED as follows:

    a.    Defendants' motion for summary adjudication on the ground that RLUIPA is unconstitutional be DENIED;

    b.    Defendants' motion for summary adjudication on plaintiff's claim that the grooming policy violates RLUIPA be DENIED; and

    c.    Defendants' motion for summary adjudication on the ground that the favorable termination rule bars plaintiff's claim be DENIED; and

///
///
///

       2.       Defendants be granted leave to file another motion for summary judgment addressing the merits of plaintiff's RLUIPA claim and the applicability of the favorable termination rule to plaintiff's claim for declaratory relief and expungement of the disciplinary violations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     January 30, 2006**                                  **/s/ Sandra M. Snyder**
icido3                                                                  UNITED STATES MAGISTRATE JUDGE