# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN B. COLLINS,<br><br>         Plaintiff,<br><br>    v.<br><br>EDWARD S. ALAMEIDA, JR., et al.,<br><br>         Defendants.<br>_____/ | CASE NO. 1:03-CV-6258-REC-SMS-P<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME TO FILE A NEW MOTION FOR SUMMARY JUDGMENT UNTIL AFTER RESOLUTION OF THEIR PENDING MOTION TO DISMISS, BUT DENYING DEFENDANTS' REQUEST TO HOLD F&R AND ITS OBJECTION PERIOD IN ABEYANCE<br><br>(Doc. 60) |

Plaintiff Steven B. Collins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)). On January 30, 2006, the undersigned issued a Findings and Recommendations (F&R) recommending that Defendants' motion for summary judgment be denied, but recommending that Defendants be granted leave to file another motion for summary judgment. On January 31, 2006, Defendants filed a request to hold the F&R and parties' obligations thereto in abeyance pending resolution of Defendants' motion to dismiss filed on January 27, 2006. The basis of Defendants' motion to dismiss is that Plaintiff's claims have been rendered moot by the recent emergency modification to the grooming regulation, which now permits inmates to wear their hair as long as they want to as long as the face is not obscured. Cal. Code Regs., tit. 15 § 3062(e) (2006).

///

Defendants' motion to dismiss, if granted, would not render all of Plaintiff's claims moot, as in addition to an injunction prohibiting future application of the grooming regulation against Plaintiff, Plaintiff is seeking declaratory relief and the expungement of the disciplinary actions from his central file. The survival of these claims depends on whether or not the favorable termination rule applies to RLUIPA.

Pursuant to the F&R, Defendants will not be invited to file another motion for summary judgment until the F&R has been considered by the district court. Defendants' current request shall be granted to the extent that the parties will not be required to expend any resources on a new motion for summary judgment until the motion to dismiss is resolved. To that end, if the F&R is adopted in full and Defendants are invited to file another motion for summary judgment, the deadline for filing such a motion will not be set until after Defendants' motion to dismiss is resolved. However, because the motion to dismiss will not resolve the action in its entirety, Defendants' motion to hold the F&R, and the thirty day objection period, in abeyance shall be denied. If the parties wish to object to the F&R filed on January 30, 2006, they must do so within the time period set forth in the F&R.

Accordingly, it is HEREBY ORDERED that Defendants' motion for an extension of time, filed January 31, 2006, is GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' request to avoid the expenditure of any resources on a subsequent motion for summary judgment pending resolution of their motion to dismiss is GRANTED;

2. Should the F&R be adopted in full and Defendants be invited to file another motion for summary judgment, the deadline for filing the new motion will not be set until after the pending motion to dismiss is resolved;

3. Defendants' motion to hold the F&R filed on January 30, 2006, in abeyance is DENIED; and

///
///
///

4. The parties' objections to the F&R, if any, are due within the period set forth in the F&R.

IT IS SO ORDERED.

**Dated:**    **February 7, 2006**            /s/ Sandra M. Snyder
icido3                                                UNITED STATES MAGISTRATE JUDGE