UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN B. COLLINS,<br><br>        Plaintiff,<br><br>     v.<br><br>EDWARD S. ALAMEIDA, JR., et al.,<br><br>        Defendants. | CASE NO. 1:03-CV-6258-REC-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART<br><br>(Doc. 56) |

I.    <u>Defendants' Motion to Dismiss Action as Moot</u>

    A.    <u>Procedural History</u>

Plaintiff Steven B. Collins ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")). This action is proceeding on plaintiff's complaint filed August 25, 2003, against defendants Alameida, Jr. and Rawers ("defendants"). Plaintiff's surviving claims for relief in this action are requests for a declaratory judgment, an injunction prohibiting defendants from enforcing the grooming standards by punishing or threatening to punish plaintiff, and the expungement from plaintiff's central file of all the disciplinary reports relating to non-compliance with the grooming standards.[1] On January 27, 2006, defendants filed a motion to dismiss. (Doc. 56.) Plaintiff filed an opposition on February 15, 2006, and defendants

---

[1] On September 22, 2004, plaintiff's First Amendment free exercise claim was dismissed and plaintiff's RLUIPA claim for damages was dismissed. (Doc. 38.)

1

filed a reply on February 23, 2005.[2]  (Docs. 63, 65.)

### B. Summary of Plaintiff's Allegations

In his complaint, plaintiff alleges that a central tenet of his religion mandates growth of locks and prohibits cutting of the hair.  Plaintiff alleges that the inmate grooming standards implemented by the California Department of Corrections, which require inmates keep their hair length three inches or less, burden the exercise of his religion.  Plaintiff alleges that he was subject to progressive discipline, culminating in the issuance of a CDC-115 Rules Violation Report on April 29, 2003.  On May 5, 2003, plaintiff was found guilty of the rules violation and assessed twenty hours extra duty as punishment.  On July 22, 2003, plaintiff appeared before the Board of Prison Terms and was denied parole.  Plaintiff alleges that the rules violation report was a factor used in denying plaintiff parole.  Plaintiff alleges that the inmate grooming standard policy violates his rights under RLUIPA, and that defendant Alameida is responsible for the policies of the California Department of Corrections, and defendant Rawers has the authority to exempt plaintiff from the policy.

### C. Discussion

Defendants move to dismiss this action on the ground that plaintiff's claims have been rendered moot by the emergency modification to the grooming regulation, which now permits inmates to wear their hair as long as they want to as long as the face is not obscured.  Cal. Code Regs., tit. 15 § 3062(e) (2006).  Plaintiff opposes the motion on the ground that the modification does not render moot all of his claims for relief.

Plaintiff's claim for an injunction prohibiting defendants from enforcing the grooming standards by punishing or threatening to punish plaintiff is moot in light of the modification which now permits plaintiff to wear his hair long, and plaintiff sets forth no argument to the contrary.  However, the modification does not render moot plaintiff's claims for declaratory relief and an injunction mandating the expungement from plaintiff's central file of all the disciplinary reports relating to non-compliance with the grooming, and defendants have set forth no argument to the contrary.

---

[2] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the court in an order filed on February 6, 2004.  Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  (Doc. 23.)

D. Conclusion

Accordingly, it is HEREBY RECOMMENDED that defendants' motion to dismiss, filed January 27, 2006, be GRANTED in part and DENIED in part as follows:

1. Defendants' motion to dismiss plaintiff's claim for an injunction prohibiting defendants from enforcing the grooming standards by punishing or threatening to punish plaintiff be GRANTED on the ground that the claim is moot in light of the emergency modification to the grooming regulation; and

2. Defendants' motion to dismiss plaintiff's claim for declaratory relief and an injunction mandating the expungement from plaintiff's central file of all the disciplinary reports relating to non-compliance with the grooming is DENIED on the ground that the claims are not rendered moot by the emergency modification to the grooming regulation.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 5, 2006**               /s/ Sandra M. Snyder
icido3                                 UNITED STATES MAGISTRATE JUDGE