# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN B. COLLINS,<br><br>        Plaintiff,<br><br>   v.<br><br>EDWARD S. ALAMEIDA, JR., et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:03-CV-06258-AWI-SMS-P<br><br>ORDER PROVIDING PLAINTIFF WITH THE OPPORTUNITY TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS MOOT<br><br>(Doc. 71) |

      Plaintiff Steven B. Collins ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)). This action is proceeding on plaintiff's complaint filed August 25, 2003, against defendants Alameida, Jr. and Rawers ("defendants"). Plaintiff's claims arise from his allegation that he was punished for failing to comply with the California Department of Corrections and Rehabilitation's grooming standards when he refused to cut his hair, in accordance with his religious practices. (Doc. 17.) An emergency modification to the grooming regulation now permits inmates to wear their hair as long as they want to as long as the face is not obscured, Cal. Code Regs., tit. 15 § 3062(e) (2006), and plaintiff's surviving claims for relief in this action are plaintiff's requests for an injunction mandating the expungement from plaintiff's central file of all the disciplinary reports relating to non-compliance with the grooming standards and a declaratory judgment. (Docs. 67, 72.)

      On May 8, 2006, the Court ordered the parties to notify it whether or not a settlement conference might be beneficial. (Doc. 68.) Plaintiff filed a response on May 15, 2006, and

defendants filed a response on June 7, 2006. (Docs. 69, 71.) In defendants' response, they state that they believe the action has been concluded because effective June 7, 2006, "all disciplinary reports reflecting non-compliance with the grooming regulations have been expunged," and request clarification if the Court believes any issues remain. (Doc. 71, 2:20-21; Pitoniak Dec., ¶2.) Plaintiff did not file a reply.

The expungement from plaintiff's central and other files of all the disciplinary reports relating to non-compliance with the grooming standards would appear to render plaintiff's remaining claim for injunctive relief moot. Porter v. Jones, 319 F.3d 483, 489 (9th Cir. 2003) ("A case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'") (quoting Clark v. City of Lakewood, 259 F.3d 996, 1011 (9th Cir. 2001) (citations omitted)).

With respect to plaintiff's claim for declaratory relief, a declaratory judgment may only issue if there exists "a case of actual controversy" before the court. 28 U.S.C. § 2201(a); Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981). "A case or controversy exists justifying declaratory relief only when 'the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (quoting Super Tire Engineering Co. v. McCorkle, 416 U.S. 115, 122 (1974)).

The grooming policy has been amended and defendants have set forth evidence that the disciplinary reports have been expunged from plaintiff's files. Accordingly, there apparently no longer exists a case or controversy upon which to support a claim for declaratory relief. As such, there are no claims left at issue in this action and it appears dismissal is appropriate.

Because defendants did not set forth the information considered by the Court in this order in a noticed motion, by this order plaintiff will be provided with notice and an opportunity to be heard on this issue. Plaintiff may choose to show cause or may choose to agree to voluntary dismissal of this action, without prejudice. In the alternative, plaintiff may opt to do neither, as he is not required to file a response to this order. If plaintiff does not file a response to this order, the

Court will issue a Findings and Recommendations recommending dismissal of the action, without prejudice, as moot.

Accordingly, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, plaintiff may show cause why this action should not be dismissed as moot; and

2. If plaintiff files a response to this order, defendants have **fifteen (15) days** within which to file a reply, if any.

IT IS SO ORDERED.

**Dated:   July 26, 2006**          /s/ Sandra M. Snyder
icido3                     UNITED STATES MAGISTRATE JUDGE