# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN B. COLLINS, | CASE NO. 1:03-CV-06258-AWI-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED AS MOOT |
| v. | |
| EDWARD S. ALAMEIDA, JR., et al., | (Doc. 73) |
| Defendants. | |

I. <u>Findings and Recommendations Recommending Dismissal of Action as Moot</u>

    A. <u>Procedural History and Order to Show Cause</u>

Plaintiff Steven B. Collins ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)). This action is proceeding on plaintiff's complaint filed August 25, 2003, against defendants Edward S. Alameida, Jr. and Scott P. Rawers ("defendants"). Plaintiff's claims arise from his allegation that he was punished for failing to comply with the California Department of Corrections and Rehabilitation's grooming standards regulation by refusing to cut his hair, in accordance with his religious practices. (Doc. 17.) The grooming standards regulation in question has been amended to permit inmates to wear their hair as long as they want to as long as the face is not obscured, Cal. Code Regs., tit. 15 § 3062(e) (2006), and plaintiff's surviving claims for relief in this action are plaintiff's requests for an injunction mandating the expungement from plaintiff's central file of all the disciplinary reports relating to non-compliance with the grooming standards and a declaratory judgment. (Docs. 67, 72.)

On May 8, 2006, the Court ordered the parties to notify it whether or not a settlement conference might be beneficial. (Doc. 68.) Plaintiff filed a response on May 15, 2006, and defendants filed a response on June 7, 2006. (Docs. 69, 71.) In defendants' response, they state that they believe the action has been concluded because effective June 7, 2006, "all disciplinary reports reflecting non-compliance with the grooming regulations have been expunged," and request clarification if the Court believes any issues remain. (Doc. 71, 2:20-21; Pitoniak Dec., ¶2.) Plaintiff did not file a reply. After reviewing defendants' response, the Court issued an order to show cause on July 26, 2006, in which it stated in relevant part:

> The expungement from plaintiff's central and other files of all the disciplinary reports relating to non-compliance with the grooming standards would appear to render plaintiff's remaining claim for injunctive relief moot. Porter v. Jones, 319 F.3d 483, 489 (9th Cir. 2003) ("A case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'") (quoting Clark v. City of Lakewood, 259 F.3d 996, 1011 (9th Cir. 2001) (citations omitted)).
>
> With respect to plaintiff's claim for declaratory relief, a declaratory judgment may only issue if there exists "a case of actual controversy" before the court. 28 U.S.C. § 2201(a); Societe de Conditionnement en Aluminium v. Hunter Engineering Co.,Inc., 655 F.2d 938, 942 (9th Cir. 1981). "A case or controversy exists justifying declaratory relief only when 'the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (quoting Super Tire Engineering Co. v. McCorkle, 416 U.S. 115, 122 (1974)).
>
> The grooming policy has been amended and defendants have set forth evidence that the disciplinary reports have been expunged from plaintiff's files. Accordingly, there apparently no longer exists a case or controversy upon which to support a claim for declaratory relief. As such, there are no claims left at issue in this action and it appears dismissal is appropriate.
>
> Because defendants did not set forth the information considered by the Court in this order in a noticed motion, by this order plaintiff will be provided with notice and an opportunity to be heard on this issue. Plaintiff may choose to show cause or may choose to agree to voluntary dismissal of this action, without prejudice. In the alternative, plaintiff may opt to do neither, as he is not required to file a response to this order. If plaintiff does not file a response to this order, the Court will issue a Findings and Recommendations recommending dismissal of the action, without prejudice, as moot.

(Doc. 73.)

///

///

B.   Plaintiff's Response to the Order to Show Cause

Plaintiff filed a response to the order to show cause on August 23, 2006. (Doc. 74.) Defendants did not file a reply.

In his response, plaintiff contends that this action is not moot because his claims for (1) a new parole consideration hearing before the Board, (2) court filing fee and expenses, (3) compensation for loss of wages, and (4) any other relief the court deems just and necessary are pending. In his complaint, plaintiff prayed for (1) a declaration that his rights were violated, (2) a preliminary and permanent injunction barring defendants from enforcing the inmate grooming standards through punishments or threats, (3) an order mandating the expungement of all disciplinary reports relating to the grooming standards issue in the complaint from his central file, and (4) nominal, compensatory, and punitive damages. (Doc. 1, pg. 11.) From a review of the complaint, it appears that plaintiff is attempting to expand his prayer for relief to avoid dismissal for mootness.

Plaintiff did not seek a new parole hearing in his complaint. Further, the remaining claim in this action is that defendants violated RLUIPA by implementing and enforcing a grooming policy which substantially burdened the exercise of plaintiff's religious beliefs concerning his hair length. Assuming merely for the sake of argument that defendants, who are a former CDCR Director and a former Warden, have the power to require the Board of Prison Terms to hold a new hearing for plaintiff, this form of relief would neither remedy the claim in this action, see Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006) (actual case or controversy required), nor meet the requirements of 18 U.S.C. § 3626(a)(1)(A).[1] As such, the Court has no jurisdiction to issue such an order, and plaintiff may not evade dismissal of this action for mootness by praying for this form of relief.

///
///

---

[1] Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

To the extent that plaintiff believes he is entitled to costs and fees, plaintiff's remedy is to file a bill of costs within ten days of entry of judgment, pursuant to Local Rule 54-292. The entitlement, or belief of entitlement, to costs and fees does not allow plaintiff to avoid dismissal for mootness.

With respect to damages, plaintiff's damages claims were dismissed on qualified immunity grounds. (Docs. 38.) As a result, there are no longer any claims for monetary damages pending in this action and plaintiff's contention that his claim for lost wages is still pending is without merit.

Finally, plaintiff requests any other relief the Court deems just and necessary, a prayer not set forth in the complaint. There are no claims for damages left in this action and plaintiff's claims for equitable relief have been rendered moot by the amendment to the grooming policy and the expungement from plaintiff's file of disciplinary reports for violations of the grooming policy. Although the Court is mindful of the liberality of Federal Rule of Civil Procedure 54(c), plaintiff's newly asserted catch-all prayer for relief is nothing more than a transparent effort to avoid dismissal for mootness.

In conclusion, the Court finds plaintiff has not shown cause why this action should not be dismissed, and HEREBY RECOMMENDS this action be dismissed, without prejudice, as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 4, 2006**                              /s/ Sandra M. Snyder
icido3                                                             UNITED STATES MAGISTRATE JUDGE